FILED
SUPERIOR COURT
OF GUAM

2019 OCT 22 PM 1: 09

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CF0478-18 |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **DECISION AND ORDER DENYING** |
| ) | **DEFENDANT CACAYAN'S MOTION TO** |
| BERNADETTE SUMALDE CACAYAN, ) | **DISMISS THE INDICTMENT** |
| ) | |
| DEFENDANT. ) | |

This matter came before the Honorable Maria T. Cenzon on Defendant Sung Hee Hong's Motion to Dismiss the Indictment in the above captioned matter. Defendant Barnadette Sumalde Cacayan filed a Joinder on the Motion on August 2, 2019. Defendant Cacayan is represented by Phillip Torres of the Torres Law Group. The People of Guam ("People") are represented by the Attorney General of Guam, through Chief Prosecutor J. Basil O'Mallan III. This Court held a hearing on the Motion on August 5, 2019, after which the Court took the issue under advisement. The Court now issues the following DECISION and ORDER **DENYING** the Motion to Dismiss the Indictment with respect to Defendant Cacayan. This Court previously DENIED the same Motion with respect to Defendant Hong.[1]

\\

\\

---

[1] A Superseding Indictment in this matter was filed on August 23, 2019, after the filing of the Motion to Dismiss the Indictment. However, the Superseding Indictment does not substantively change the facts, but merely adds additional charges. Thus, because nothing substantive with regards to this Motion was put into question by the Superseding Indictment, it bears no effect on this Court's present decision on the Motion. See Superseding Indictment, pp. 1-2.



## Background and Discussion

On June 13, 2019, Defendant Sung Hee Hong filed a Motion to Dismiss the Indictment in the above caption matter. Deft Hong's Mot. to Dismiss Indictment (June 13, 2019). On August 2, 2019, Defendant Bernadette Sumalde Cacayan filed a Joinder in Defendant Hong's Motion to Dismiss the Indictment. Deft Cacayan's Joinder in Deft Hong's Mot. (Aug. 2, 2019). In the Joinder filing, Defendant Cagayan asserted that "The facts and the law applicable to those Motions apply equally to Defendant Cacayan in that if the Indictment is dismissed, the felony charge against Defendant Cacayan must also be dismissed." *Id.* On August 5, 2019, the Court held a hearing on the Motion. Minute Entry (Aug. 5, 2019). Both Defendants were present. *Id.* After the hearing, this Court took the issue under advisement. *Id.*

On September 24, 2019, this Court issued a DECISION and ORDER **DENYING** Defendant Hong's Motion to Dismiss the Indictment. Decision and Order (Sep. 24, 2019). Thus, it stands that the Motion to Dismiss the Indictment is denied with respect to Defendant Cagayan's Joinder on the Motion. As Defendant Cacayan asserts, "The facts and the law applicable to those Motions apply equally to Defendant Cacayan." Deft Cacayan's Joinder in Deft Hong's Mot. (Aug. 2, 2019). Therefore, the Motion to Dismiss the Indictment with respect to Defendant Cacayan is also **DENIED**.

## Conclusion

For the foregoing reasons, the Motion to Dismiss the Indictment with respect to Defendant Cacayan is **DENIED**.

**SO ORDERED** this _____ **OCT 22 2019** _____.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
DPA
) TORRES LAW GROUP
Date: OCT 22 2019 Time: 1:15

Deputy Clerk, Superior Court of Guam

Decision & Order
*People v. Cacayan*; CF0478-18
Page 2 of 2